IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

REBECCA PHILLIPS and                                          PLAINTIFFS
JENNIFER YOUNG

v.                          CASE NO. 2:24-CV-00205-BSM

ALLY BANK                                                      DEFENDANT

## ORDER

Ally Bank's motion for summary judgment [Doc. No. 52] is granted on the December

2024 disputes and denied on the June 2024 disputes.

## I.   BACKGROUND

Defendant Ally Bank financed a vehicle for plaintiffs Rebecca Phillips and Jennifer

Young but when plaintiffs attempted to mail in their monthly payments in April, May, and

June of 2024, Ally did not timely receive the payments.  Plaintiffs' Response to Defendant's

Statement of Undisputed Facts, Doc. No. 57 ("SUMF") ¶¶ 3, 9–10.  When Ally reported to

the four Credit Reporting Agencies (CRAs) that plaintiffs' account was delinquent, plaintiffs

disputed the reporting.  *Id.* ¶¶ 11–14.  All four CRAs sent Automated Consumer Dispute

Verification (ACDV) forms to Ally and it responded that the payments were not delinquent

and corrected the information provided to the CRAs.  *Id.* ¶¶ 13–17.

Notwithstanding Ally's response, plaintiffs' account continued to be reported

delinquent.  Pls.' MSJ Resp. at 3, Doc. No. 55.  The parties engaged in litigation.  Pls.'

Statement of Facts ¶ 26, Doc. No. 56.  In December 2024, Ally responded to two ACDVs

from plaintiffs disputing the reporting of the account.  SUMF ¶¶ 22–24.  In January 2025,

Ally received full payment in satisfaction of the account.  *Id.* ¶ 26.

## II.  LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986).  Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in their pleadings.  *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011).  Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial.  *Id.*  All reasonable inferences must be drawn in a light most favorable to the non-moving party.  *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007).  The evidence is not weighed, and no credibility determinations are made.  *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

## III.  DISCUSSION

### A.    June Disputes

Ally's motion for summary judgment on the June 2024 disputes is denied.  Plaintiffs allege that Ally violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b)(1),  which requires furnishers of information to conduct an investigation if a consumer disputes information that the furnisher provided to a CRA.  The investigation must be reasonable and the furnishers must "take corrective action 'if the investigation finds that the information is incomplete or inaccurate'" such as modifying, deleting, or permanently blocking the reporting of the information. *Johnson v. Sheffield Fin.*, No. 4:19-CV-616-LPR, 2020 WL

3546900 at *5 (E.D. Ark. June 30, 2020); 15 U.S.C. § 1681s-2(b)(1)(E).

Plaintiffs contend that Ally did not conduct a reasonable investigation because the account continued to be reported past due after plaintiffs filed their disputes. Ally's investigation, however, was reasonable because it found that plaintiffs were correct and the account was actually not past due. The issue is not whether Ally's investigation was reasonable, but whether Ally met its duty to take corrective action following the investigation. *See* 15 U.S.C. § 1681s-2(b)(1)(E). As to this issue, there is a genuine factual dispute. Ally claims that it met this obligation when it sent correct information to the CRAs, while plaintiffs claim that Ally continued to report that the account was past due afterwards.

B.     December Disputes

While the December 2024 disputes were not pled in the complaint, summary judgment would still be granted if there was jurisdiction. When a consumer disputes its credit report, the furnisher has a duty to investigate the dispute. The duty to investigate requires the furnisher only to investigate "what it learned about the nature of the dispute from the description in the CRA's notice of dispute." *Anderson v. EMC Mortg. Corp.*, 631 F.3d 905, 908 (8th Cir. 2011).

The December 2024 disputes provided: "Account involved in litigation with Ford of West Memphis. Consumer states Ally Bank agreed to suppress the reporting of the account. Please verify all." Def. Mot. Summ. J., Doc. No. 52; Exhibit C-6–C-7. This dispute was not one of factual inaccuracy but rather a "disputed legal question." This is true because the parties disagree as to whether there was in fact an agreement to suppress reporting. Both

parties point to a series of email exchanges in which Ally contends that there was not a "meeting of the minds," but plaintiffs disagree.   Def. Mot. Summ. J. at 20;  Pls.' MSJ Resp. at 8.  Thus, whether there was a binding agreement to suppress the reporting is a disputed legal question and "'furnishers are neither qualified nor obligated to resolve matters that turn on questions that can only be resolved by a court of law.'"  *Johnson*, 2020 WL 3546900 at *4 (quoting *Chiang v. Verizon New England Inc.*, 595 F.3d 26 (1st Cir. 2010)).  Summary judgment is granted because Ally was not obligated to resolve the legal dispute it discovered in its investigation.  *See Johnson*, 2020 WL 3546900 at *4.

## IV.  CONCLUSION

For these reasons, Ally Bank's motion for summary judgment is granted on the December 2024 disputes and denied on the June 2024 disputes.

IT IS SO ORDERED this 27th day of May, 2026.

_____
UNITED STATES DISTRICT JUDGE